IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES WILLISON                                                                                          PLAINTIFF

vs.                                        Civil No. 6:20-cv-06127

KILOLO KIJAKAZI                                                                                         DEFENDANT
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION[1]

## MEMORANDUM OPINION

James Willison ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Act. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgement, and conducting all post-judgment proceedings. ECF No. 7.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 14. These references are to the page number of the transcript itself not the ECF page number.

1

1.      **Background:**

Plaintiff protectively filed his disability applications on August 27, 2018. (Tr. 15). In these applications, Plaintiff alleged being disabled due to back issues, mental health issues, alcoholism, stomach issues, and arthritis. (Tr. 22, 66-67, 76-77, 91-92, 210). Plaintiff alleged an onset date of January 1, 2015. (Tr. 15, 66, 76, 91). These applications were denied initially and again upon reconsideration. (Tr. 108-110, 111-113, 118-119, 120-122). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 126-133).

Plaintiff's administrative hearing was held on January 14, 2020, in Little Rock, Arkansas. (Tr. 33-56). At this hearing, Plaintiff was present and represented by Sherri McDonough. *Id*. Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id*.

On April 8, 2020, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 12-27). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2016. (Tr. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2015, his alleged onset date. (Tr. 17, Finding 2). The ALJ found Plaintiff had the following severe impairments: cirrhosis, hepatitis, fatty liver, hypertension, and anemia. (Tr. 17, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-21, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 21-25, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except can occasionally climb ramps and stairs;

>can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally be exposed to extreme heat, extreme cold, pulmonary irritants, and vibration; can frequently handle; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or dangerous moving machinery, and can never operate a motor vehicle at work.

(Tr. 21, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 25, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 26-27, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id*. Specifically, the VE testified Plaintiff retained the capacity to perform work as a price marker, (light) with 400,000 jobs available in the national economy, cleaner (light) with 230,000 jobs available in the national economy and produce weigher (light) with 4,000 jobs available in the national economy. (Tr. 26-27). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2015, or through April 8, 2020, the date of his decision. (Tr. 27, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable disability determination. The Appeals Council denied this request on September 15, 2020. (Tr. 1-6). Thereafter, on November 9, 2020, Plaintiff appealed his administrative case to this Court. ECF No. 1. The parties have consented to the jurisdiction of this Court on November 10, 2020. ECF No. 7. Both parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 16, 18.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ erred in evaluating Plaintiff's liver disease; and (2) the ALJ erred in assessing Plaintiff's RFC and subjective complaints. ECF No. 16 at 2-14. After thoroughly reviewing the record, the Court finds the ALJ's RFC determination is not supported by substantial evidence. Because this failure already necessitates reversal and remand, it is not necessary to address Plaintiff's remaining arguments.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Davidson*

*v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect [his] RFC." *Id*.

On January 22, 2019, Dr. John Brandt's impression of Plaintiff included decompensated cirrhosis of the liver, ascites, anemia, history of alcoholism, hepatitis C, fatigue, and bleeding esophageal varices. (Tr. 333-334). In addition, on December 12, 2019, Plaintiff's physical exam revealed he had an increased abdominal circumference from a possible fluid wave. (Tr. 458). On this visit, Dr. Brandt found Plaintiff with decompensated cirrhosis of the liver, esophageal varices, hepatitis C, alcoholic cirrhosis of the liver with ascites, and abnormal weight gain. *Id*. On May 6, 2019, Plaintiff presented to the Liver Wellness Center and was assessed with hepatic encephalopathy. (Tr. 402). On September 6, 2019, Plaintiff was diagnosed with hepatic encephalopathy, however, it was stable. (Tr. 413). During this visit, Plaintiff reported memory changes for the past three months and reported tremors. (Tr. 410). On December 6, 2019, Plaintiff was again assessed with hepatic encephalopathy, and it was stable. (Tr. 420).

Plaintiff testified he suffers problems such as shortness of breath, weakness, and dizziness because of his liver disease. (Tr. 39). Plaintiff also noted the most he could stand at one time before needing to sit down is one hour. *Id*. In addition, Plaintiff stated he would need to sit for

6

another hour to function again at standing. *Id*. Plaintiff testified his abdominal pain occurs day in and day out in response to anything that stresses him, and consequently, he does not eat certain times of the day. (Tr. 40). Plaintiff's abdominal pain also causes sharp pain in his side, in addition to bloating and swelling of his abdomen. (Tr. 41). Moreover, Plaintiff stated the swelling and bloating interferes with his movement. (Tr. 41-42). Furthermore, Plaintiff noted his feet and legs swell up "[a]lmost every day if I'm standing or walk a lot." (Tr. 43).

The ALJ's RFC determination must be supported by medical evidence that addresses Plaintiff's ability to function in the workplace. "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). The Court finds the ALJ's RFC determination is not supported by substantial evidence and requires remand to further develop the record and further consider Plaintiff's maximum RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ is also directed to order a consultative examination with a Gastroenterologist, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. With such additional evidence, the ALJ should

reconsider his Step Three finding regarding Listing 5.05, and if it is determined the listing is not met, then such additional evidence should be considered in a redetermination of Plaintiff's RFC.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

4.     **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgement incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of August 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE